■ SHELLMAN JOHNSON, Appellant, v. CROWN HEIGHTS COMMUNITY CORPORATION et al., Respondents.— Order, Supreme Court, New York County, entered January 27, 1972, unanimously reversed, on the law, without costs and without disbursements, and the matter is remanded to New York City Council Against Poverty (CAP) for further proceedings, with leave to respondents to serve and file an answer herein (see CPLR 7804, subd. [e]). In reversing we hold only that petitioner is entitled to the prescribed procedural safeguards (cf. *Securities Comm.* v. *Cheney Corp.,* 318 U. S. 80), and find, as did CAP, that petitioner " did not receive due process as mandated by the Council Against Poverty." Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Steuer, JJ. [39 A D 2d 889.]

■ In the Matter of ESTHER K. ASHEROFF, Appellant-Respondent, v. TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK et al., Respondents-Appellants.— Judgment, Supreme Court, New York County, entered on February 16, 1972, which, in part, directed that respondent conduct hearings pursuant to subdivisions 5 and 7 of section 2573 of the Education Law, unanimously modified, on the law, to the extent of striking therefrom the third and fourth decretal paragraphs which pertain to such hearings and so much of the fifth paragraph referring to such hearings, and otherwise affirmed, without costs and without disbursements. The diverse issues raised by petitioner in her present article 78 proceeding are either premature or, as to those properly before the court, have already been determined adversely to her in a prior proceeding brought by her pursuant to article 78, in the Supreme Court, Kings County. (*Matter of Asheroff* v. *Board of Educ.,* N. Y. L. J., June 18, 1969, p. 19, col. 4, affd. 33 A D 2d 992, affd. 29 N Y 2d 538.) Concur — Stevens, P. J., McGivern, Murphy, Steuer and Capozzoli, JJ.